J. D. McDONALD, C. W. SINCLAIR AND C. P. KELLY, *Appellants*, v. L. A. FRALEIGH, R. C. REAMS, J. P. TAYLOR, J. J. SALE AND J. S. THOMAS, AS AND COMPOSING THE BOARD OF COUNTY COMMISSIONERS OF MADISON COUNTY, FLORIDA, AND C. D. TOMLINSON, W. N. WEBB AND T. C. SMITH, AS TRUSTEES OF COUNTY BONDS OF MADISON COUNTY, FLORIDA, *Appellees*.

Opinion Filed December 21, 1923.

Petition for Rehearing Denied January 26, 1924.

Public roads or highways which may be classified under the statute (§1531, Rev. Gen. Stat.) as "paved, macadamized or other hard surfaced highways", may be constructed of a proper combination of sand and clay suitable for the purpose. But whether a highway so fabricated or surfaced is paved, macadamized or hard-surfaced within the meaning of the statute, is a practical question dependent upon a number of elements, such as suitableness of material employed, formula used in its combination, and the like.

This case was decided by Division B.

19—Vol. 86.

An Appeal from the Circuit Court for Madison County; M. F. Horne, Judge.

Affirmed.

*John F. Harrell,* and *R. H. Rowe,* for Appellants;

*Chas. E. Davis,* for Appellees.

WEST, J.—The complainants are alleged to be resident owners of real estate and tax payers of Madison County. The defendants are county commissioners and trustees of county bonds of Madison County. The objects of the suit are, primarily to restrain the expenditure by the defendants of funds derived from the sale of county bonds, issued for the purpose of constructing "paved, macadamized or other hard-surfaced highways," in the construction of sand-clay roads, the theory of the bill being that sand-clay roads are not paved, macadamized or other hard-surfaced roads and therefore such use of the funds is not an authorized expenditure and should be enjoined; and secondarily, if such funds are to be expended by the defendants in the construction of sand-clay roads, to prevent an alleged discrimination in favor of one as against another designated road contrary to the alleged terms of the resolution calling the election authorizing the issuance of the bonds.

The paragraph of the bill of complaint containing the allegations upon which complainants' primary reliance rests is as follows:

"Complainants further say that the said Board of County Commissioners, contemplating the use of a portion of the proceeds arising from the sale of the said $330,000.00 of bonds for the construction of said clay

roads, has caused specifications to be prepared for the guidance of bidders who might desire to construct sand clay roads under contracts with said Board, and has caused notice to be given in the Enterprise-Recorder, a newspaper printed and published in Madison, Madison County Florida, calling for bids for the construction of sand clay roads in Madison County, Florida, to be made to the said Board of County Commissioners up to 2 o'clock p. m. on March 20, 1923, a copy of which notice is hereto attached as Exhibit 'E' and made a part of this bill of complaint; that it is the purpose of said Board of County Commissioners to receive bids for the construction of sand-clay roads in accordance with said notice and to pay therefor out of the moneys derived from the sale of said $330,000.00 of bonds, and to give orders on said trustees of county bonds to the contractors for payment out of said moneys; that the projects referred to in said Exhibit 'E' (notice calling for bids for construction of roads) constitute a portion of the roads referred to in Exhibit 'A' ( resolution calling the election) other than those roads that are to be constructed by the State Road Department; that it is the belief of the complainants, and they so charge and aver that it is the intention and purpose of said Board of County Commissioners to give notice and to receive other and further bids for the construction of sand-clay roads along the line of the other roads referred to in Exhibit 'A' excepting such roads as are to be constructed by the State Road Department and also, except the Hopewell road, and to enter into contracts with successful bidders, and to pay therefor out of the proceeds of the sale of said $330,000.00 and to give orders on said trustees for the money. Complainants allege it as their belief, and so charge, that there is no authority in law in the State of Florida for the issuance by the County of Madison, Florida, of its bonds for the build-

ing, construction or maintenance of sand-clay roads; that a sand-clay road is not a paved, macadamized or other hard-surfaced road within the meaning and comprehension of the Florida laws; that said Board of County Commissioners intends to construct sand-clay roads and not paved, macadamized or other hard-surfaced roads with the proceeds of the sale of said $330,000.00, which is, as complainants verily believe and charge, contrary to said resolution 'A,' * * * and contrary to law.''

The prayer is that the defendants be restrained from making any contract, pursuant to the published notice, for the construction of sand-clay roads in the county payable from proceeds derived from the sale of such bonds; from making or entering into any contract or agreement involving the expenditure of any of such fund for the construction of any sand-clay roads without at the same time appropriating an equitable proportion of said fund for a certain designated road; from levying any tax to pay such bonds, principal or interest; and for general relief.

By answer the defendants admit that it is their purpose and intention to pay for the construction of sand-clay roads out of the proceeds of the sale of said bonds. They deny that there is no authority under the law for the issuance by the County of Madison of bonds for building, constructing or maintaining sand-clay roads, and deny that a sand-clay road is not a paved, macadamized or other hard-surfaced road within the meaning of the law.

There was a hearing on application for a temporary restraining order on bill, answer and evidence in the form of affidavits. Complainants produced an affidavit of an engineer then in the employ of the Highway Department of Georgia and an affidavit of the then State Highway Engineer of Florida, in each of which the opinion is expressed that a sand-clay road is not and cannot properly be termed

a hard-surfaced or paved road, and a letter from the Chief Engineer of the Bureau of Public Roads of the United States, addressed to the attorney for complainants, expressing the opinion that a sand-clay road should under no circumstances be described as a hard-surfaced road. The defendants produced an affidavit of the County Engineer of Madison County to the effect that roads surfaced with a mixture of sand and clay, when complete, make a hard, smooth, firm and compact roadway known by the profession everywhere as hard-surfaced roads.

The court denied the application and dismissed the bill.

The record discloses that the bonds have been validated and their validity is not questioned. The decisive question is whether the contemplated use of the funds, as alleged and admitted, derived from the sale of the bonds is an authorized appropriation of such funds. The answer depends upon whether sand-clay roads are comprehended by the term "paved, macadamized or other hard-surfaced roads." (Sec. 1531 *et seq. Rev. Gen. Stats.*) If they are, this fund may be expended in their construction. If not, it cannot. This record discloses that reputable experienced engineers differ in opinion on the point. The term "hard-surfaced" as applied to roads probably has no technical significance. The Chief Engineer of the Bureau of Public Roads is quoted in the record to the effect that it has not. It should probably be regarded as a relative term. If so, a road, when surfaced with a proper mixture, or combination of sand and clay, suitable for such purposes, may, when compared with a road not so surfaced, be regarded as a hard-surfaced road. That many roads in this State have been improved by adding a surface of sand and clay, and that this combination of materials has in many instances been successfully used, resulting in excellent roads with firm, hard, compact surfaces, are matters of common knowledge of which courts

take notice, and the legislature, in a recent statute (Chap. 7898, Acts of 1919) classified and defined "sand-clay" roads as hard-surfaced roads.

Because of the conflicting professional opinion and a practical experience tending to the contrary, it would not, we think, be in accord with sound reason to hold, as a legal conclusion, that a road surface, which may properly be classified as "hard-surfaced" within the meaning of the statute, is incapable of fabrication by an application in sufficient quantity and proper combination, of sand and clay suitable for the purpose. On the other hand, it is perfectly apparent that an improper or unbalanced mixture or combination of sand and clay; or what would otherwise be a proper combination, but of unsuitable material for the purpose; or an insufficient quantity, even though of suitable material and in proper combination; or a sufficient quantity of suitable material in proper combination built without adequate foundation for the proposed road or proper drainage when necessary, would not produce a hard-surfaced road in fact, and therefore not hard-surfaced within the meaning of the statute. These, howevere, are practical considerations of fact, depending for their solution upon each case as it arises.

It should, at this stage of the proceeding, be assumed that in accepting bids and awarding contracts for the work proposed, the defendant officers will require the use of such material, and a character of construction such as will comply with the terms of the law and the resolution adopted and notice published calling the election, to the end that the burden asumed will not be unproductive of the contemplated improvements and incidental benefits. The threatened injury is therefore not such as to require a holding that the court below erred in denying the application for a temporary restraining order. Nor was there error, upon

the showing made, in holding against complainants upon the other branch of the case.

The order appealed from is affirmed.

WHITFIELD, P. J., AND TERRELL, J., Concur.

TAYLOR, C, J., Concurs in the Opinion.

ELLIS AND BROWNE, J. J., Dissent.